MEMORANDUM OPINION




No. 04-03-00647-CR



David P. MILLER,


Appellant



v.



THE STATE OF TEXAS,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 2003CR2467


Honorable Mary Román, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: December 29, 2004 


AFFIRMED

 David P. Miller appeals the trial court's judgment convicting him of aggravated robbery with
a deadly weapon and sentencing him as a repeater to eighteen years confinement in the Texas
Department of Criminal Justice - Institutional Division. We affirm.

 1. Miller first argues no reasonable fact finder could have found beyond a reasonable
doubt that the closed lock-blade knife he used or exhibited during the robbery was a deadly weapon
because the knife blade is only about three inches long, and the knife could only be opened with two
hands, which was impossible since Miller was "tussling" with Christopher Riddle, the store clerk, after
the robbery. However, the record establishes that Riddle released his hold on Miller and went back
inside the store only after another clerk told him that Riddle "needed to let [Miller] go, he has a
knife." Riddle released Miller to avoid being stabbed. And Officer Kenney Randall testified that the
knife could be a deadly weapon and that he had seen death or serious bodily injury result from similar
knives. From this evidence, the trial judge, acting as the fact finder, could reasonably conclude that
the lock-blade knife was a deadly weapon and used by Miller "in [a] manner that 'facilitate[d] the
associated felony'" of robbery. McCain v. State, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000). No
more is required. 

 2. Miller next argues the trial court erred in admitting the knife into evidence because
it was seized as a result of an unlawful, warrantless arrest. At trial, however, Miller did not object to
the introduction of the knife into evidence on this ground. Rather, Miller objected during Riddle's
testimony on the ground that the State had not established the chain of custody and objected later
during Officer Randall's testimony without stating a basis for his objection. Accordingly, this
complaint was waived. See Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), cert.
denied, 531 U.S. 828 (2000) ("Except for complaints involving fundamental constitutional systemic
requirements which are not applicable here, all other complaints based on a violation of both
constitutional and statutory rights are waived by failure to comply with Rule 33.1.").

 We affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Do not publish